UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANN MARIE MAGGIO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| - against - | : | |
| | : | **05 Civ. 4134 (RLE)** |
| THE LONG ISLAND RAILROAD COMPANY, | : | |
| | : | |
| Defendant. | : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff's motion to enforce the terms of a putative oral settlement

agreement with Defendant. For the reasons below, Plaintiff's motion is **DENIED.**

## II. BACKGROUND

Plaintiff, Ann Marie Maggio ("Maggio" or "Plaintiff"), commenced this action against

her erstwhile employer, the Long Island Railroad Company ("Defendant"), on April 26, 2005,

pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq. Maggio alleges that

Defendant's negligence and recklessness caused her to suffer severe and disabling injuries on

September 2, 2004. The Court held a settlement conference on September 20, 2007, where it

was recommended that the Parties settle the case for $37,500 in consideration for Maggio

releasing Defendant from all liability stemming from the September 2004 accident. The Court

instructed the Parties to consult with their clients and to tell the Court confidentially whether they

accepted the recommendation. The Parties were told to respond with a simple "yes" or "no."

They were also told that the Court would not communicate their respective responses to opposing

counsel unless both accepted the recommendation.  On September 26, 2007, Plaintiff's counsel,

Fred Gold ("Gold"), notified the Court that Maggio would accept the recommendation.

According to Gold, he followed the Court's instructions, indicated his client's decision to accept

the Court's recommendation, and was told that a settlement had been reached.  He was instructed

to contact opposing counsel, J. Dennis McGrath ("McGrath"), to finalize the settlement.

McGrath contends, however, that no settlement had been reached.  Despite the Court's clear

instruction, he attempted to impose a condition on his client's affirmative response.  According

to McGrath, on September 26, he contacted the Court to say that "the settlement recommendation

of $37,500 was acceptable provided that plaintiff execute a General Release, covering all claims

against LIRR including a release of any claims for wrongful termination" (Def.'s Mem. of Law in

Opp'n ("Def.'s Mem.") at 2) (emphasis in the original).  This provision had not been raised

during the Parties' discussion with the Court, and was not part of the Court's recommendation.

Moreover, the condition did not relate to any claim in the complaint, so it cannot be characterized

as routine or expected.  The added condition was communicated to Plaintiff for the first time

when Gold contacted McGrath after speaking with the Court.

Plaintiff argues that the additional condition was illegitimately imposed after the Parties

had agreed to settle.  She contends that the Parties entered into an oral agreement on September

26, 2007, based upon the terms agreed to at the September 20 settlement conference, which only

encompassed the claims deriving from the injuries Plaintiff suffered as a result of the 2004

accident.  Defendant argues that there was never an agreement to settle, as its offer was

conditioned on Plaintiff's acceptance of a general release from this claim as well as "all potential

claims against LIRR" (*id.*), which she rejected.

### III.  DISCUSSION

In this circuit, four factors guide the inquiry regarding whether parties intended to be bound by a settlement agreement in the absence of a document executed by both sides:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 323 (2d Cir. 1997) (*citing Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)).  "No single factor is decisive, but each provides significant guidance." *Id.*  While Defendant's attempt to add a new provision has unfairly allowed it to discover Plaintiff's answer to the Court's recommendation, the central issue for the Court is whether there was an intent to settle in accordance with the recommendation. The Court has reviewed the submissions of the Parties and concludes that Defendant did not agree to the settlement as recommended by the Court.  On this issue, the Court credits counsel's assertion that he sought to convey the proviso to Chambers.  Defendant's response should have been a simple "no," as the attempt to materially alter the Court's recommendation was improper, and Defendant did not intend to settle on the recommended terms.  There was no binding agreement.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the settlement is **DENIED.**

**IT IS HEREBY ORDERED** that the Parties submit a final pretrial order, in accordance

3

with this Court's rules, on or before **May 26, 2008.**

**IT IS FURTHER ORDERED** that a three day trial in this case will commence on **June**

**9, 2008.**

**SO ORDERED this 18th day of April 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**